**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, National Association, ) | No. CV-09-587-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| The Magellan Ship Owners Association, et ) al., ) | |
| Defendant. ) | |

      Currently pending before the Court is Nineteen Consolidated Claimaints/Defendants' Joinder of Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Seal and a Request for a Stay of the Objection Period, (Dkt.#237), and The Magellan Ship Owners Association's ("Magellan") Motion to Stay, Motion for Reconsideration of the Order Granting the Motion to Seal, (Dkt.#243).[1] After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

      This is a statutory interpleader action pursuant to 28 U.S.C. § 1335 relating to funds that were being held in an escrow account by Wells Fargo. Wells Fargo filed the interpleader

---

[1] Magellan's Motion to Stay and Motion for Reconsideration also include its objections to Wells Fargo's Notice of Deposit.

but claims no interest in the disputed funds. On January 4, 2010, this Court filed an Order directing Wells Fargo to deposit in an interest bearing account with the Clerk of the Court the disputed funds, together with any and all additional interest actually earned thereon up to the date of such deposit, and provide notice to all Claimants/Defendants. (See Dkt.#233). The Court also gave the Claimants/Defendants 10 calendar days after Wells Fargo deposited the disputed funds to object to the nature or manner of the deposit. The Court further Ordered that 20 calendar days after the disputed funds were deposited, Wells Fargo would be discharged from this action and that all counter-claims against it relating to the interplead funds would be dismissed with prejudice.

On January 8, 2010, Wells Fargo filed a Notice of Deposit with the Court. (Dkt.#234.) At the same time, Wells Fargo filed a Motion requesting that the Court seal Exhibit A to the Notice of Deposit. (Dkt.#235.) On January 12, 2010, a consolidated group of Claimants/Defendants joined in support of Wells Fargo's Motion to Seal. (Dkt.#237.) That same day, Claimant/Defendant Cramer Family (Survivor's) Trust U.T.D. 6-12-90 and its Trustee, Lorraine A. Cramer, as well as Claimants/Defendants James Haglund and Patty Haglund joined to support Wells Fargo's request. (Dkt.##238, 239.) Wells Fargo's Motion to Seal Exhibit A to the Notice of Deposit was granted by the Court on January 14, 2010, the Court granted. (Dkt.#241.)

On January 15, 2010, Magellan filed a Motion for Reconsideration of the Order granting the Motion to Seal, as well as a Motion to Stay the Discharge and Dismissal of Wells Fargo. (Dkt.#243.) Magellan argues in its Motion that sealing Exhibit A deprives Magellan of the opportunity "to conduct a meaningful review or analysis of Wells Fargo's claims and contentions," and that no compelling reasons exist to seal the document. (Id. at 6-7.)

With respect to Magellan's request for reconsideration of the Order sealing Exhibit A, the Court noted that motions for reconsideration are granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong

v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought through. United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J. Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Because none of the Multnomah County factors warrant reconsideration of the Court's prior Order sealing Exhibit A of Wells Fargo's Notice of Deposit, Magellan's request will be denied.

As to Magellan's Motion to Stay, the Court finds that the original date providing Claimants/Defendants with 10 calendar days to object to Wells Fargo's Notice of Deposit was unfairly shortened due to the delay caused by the sealing of Exhibit A. Wells Fargo filed its Notice of Deposit on January 8, 2010. (Dkt.#234.) Under the Court's previous ruling, Claimants/Defendants would have had until January 18, 2010 to file objections. (See Dkt.#233, p. 7.) However, the Motion to Seal Exhibit A was not granted until January 15, 2010. Because Wells Fargo did not effectuate service of process of Exhibit A until January 15, 2010—at which point it was mailed to all Claimants/Defendants—Claimants/Defendants were unable to review Wells Fargo's accounting practices until well past the initial date of deposit. Therefore, in the interests of fairness, the Court is compelled to modify its earlier ruling.

**Accordingly,**

**IT IS HEREBY ORDERED** permitting Claimants/Defendants until close of business February 8, 2010 to file objections to the nature or manner of the deposit by Wells Fargo.

**IT IS FURTHER ORDERED** that Wells Fargo will not be dismissed from this lawsuit until the Court Orders it dismissed. Wells Fargo will not be dismissed until after the Court has reviewed all objections filed by Claimants/Defendants, and the Court has approved Wells Fargo's deposit.

**IT IS FURTHER ORDERED** directing Wells Fargo to file its Motion for Attorney Fees within 10 calendar days after the Court issues an Order dismissing Wells Fargo from the lawsuit.

**IT IS FURTHER ORDERED** that all other dates referenced in the Court's January 4, 2010 Order are to remain in effect, including the requirement that the Parties meet and confer requirement and file, to the extent practical, a Joint Proposed Scheduling Order.

**IT IS FURTHER ORDERED** denying as moot Defendants' Joinder of Wells Fargo Bank, N.A.'s Motion to Seal and a Request for a Stay of the Objection Period. (Dkt.#237.)

**IT IS FURTHER ORDERED** denying The Magellan Ship Owners Association's Motion to Stay and Motion for Reconsideration of the Order Granting the Motion to Seal. (Dkt.#243.)

DATED this 22nd day of January, 2010.

_____
Mary H. Murguia
United States District Judge