**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, National Association, ) | No. CV 09-587-PHX-MHM |
| Plaintiff, ) | ORDER |
| vs. ) | |
| The Magellan Ship Owners Association, et ) al., ) | |
| Defendant. ) | |

The Court is familiar with the legal and factual underpinnings of the instant case and sees no reason to embark on a detailed review of the procedural history of this litigation in this Order.[1] It is sufficient to note that this is a statutory interpleader brought under 28 U.S.C. § 1335 concerning over $11 Million in funds held by Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to an escrow agreement with Defendant/Claimant Magellan Owners Association, a/k/a The Magellan Ship Owners Association ("Magellan"). As previously noted, Wells Fargo is a disinterested stakeholder to this interpleader action because it claims no interest in the disputed funds. See Central Bank of Tampa v. United States, 838 F. Supp. 564, 567 (M.D. Fla. 1993). Claimants to the disputed funds held in escrow are purchasers

---

[1] For a more detailed overview of this litigation, interested parties are directed to review the Court's January 4, 2010 Order. (Dkt # 233).

of ownership interests in an uncompleted cruise ship, along with Magellan, the seller of such interests.

As previously noted, an interpleader action usually involves two distinct stages. See Mid-American Indem. Co. v. McMahan, 666 F. Supp. 926, 928 (S.D. Miss. 1987). In the first stage, after determining whether interpleader is appropriate, the Court accepts deposit of the disputed funds with the Clerk of the Court and then discharges the disinterested stakeholder from the litigation. 4 James Wm. Moore, et al, Moore's Federal Practice § 22.04(6)(b) ("Once a disinterested stakeholder deposits the stake with the court, the stakeholder should be dismissed from the action."). The second stage resembles most other civil litigation, and concludes upon entry of judgment in favor of the party entitled to the interplead funds. See Diamond Shamrock Oil & Gas Corp. v. Commissioner of Revenues, 422 F.2d 532, 534 (8th Cir. 1970).

Because the Court has already determined the appropriateness of Wells Fargo's interpleader filing and that all claims against it will eventually be dismissed with prejudice, the sole issue preventing this case from proceeding to the second stage is Claimants/Defendants remaining objection to Wells Fargo's deposit of the disputed funds with the Clerk of the Court. On March 31, 2010, this Court issued an Order providing all Claimants/Defendants until April 30, 2010 to respond or otherwise submit final objections to Wells Fargo's renewed "Motion to Approve Wells Fargo's Deposit and Dismiss Wells Fargo." (Dkt.#296). On April 27 and April 30, 2010, the individual Claimant/Defendant purchasers who had previously objected to Wells Fargo's deposit on the grounds of accounting irregularities withdrew their objections after Wells Fargo supplemented its financial disclosure. (See Dkt.##300, 301). On the other hand, Magellan continues to object to Wells Fargo's deposit on the grounds that the filing of an interpleader was improper under the escrow agreement and that less drastic alternatives were available to Wells Fargo. (Dkt.#303).

After reviewing the withdrawn objections filed by the individual purchasers along with the May 19, 2010 notice of non-objection and request for a Rule 16 Scheduling

Conference filed by these same Parties, the Court sees no reason why it should continue to delay accepting deposit of the interplead funds. Moreover, the Court has reviewed the objections lodged by Magellan, and notes that its objections appear unrelated to a proper accounting of the disputed funds. Instead, Magellan's objections focus on the general availability of interpleader as a remedy in light of what Magellan argues were alternative methods of resolving the dispute short of commencing an interpleader action. Notwithstanding Magellan's displeasure with Wells Fargo's decision to file an interpleader, the Court has already determined that interpleader is an appropriate procedural mechanism given the facts of this case, and that Wells Fargo's Complaint sets forth a sufficient claim for this Court to resolve the question of entitlement to the disputed funds. As such, Magellan's current objections to the deposit are both misplaced and untimely.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Wells Fargo's Motion to Approve Wells Fargo's Deposit and Dismiss Wells Fargo. (Dkt.#296).

**IT IS FURTHER ORDERED** directing Wells Fargo to deposit with the Clerk of Court, in an interest bearing account, the disputed funds in the Escrow Accounts identified in Wells Fargo's Complaint, together with any and all additional interest actually earned thereon up to the date of such deposit, and provide written individual notice to all Claimants/Defendants. Wells Fargo shall make this deposit on or before June 21, 2010.

**IT IS FURTHER ORDERED** discharging Wells Fargo from this action and ordering that all counter-claims that have been filed against it relating to the interplead funds dismissed with prejudice.

**IT IS FURTHER ORDERED** rejecting the portion of the Joint Proposed Scheduling Order filed at docket number 287 to the extent it requests early distribution of the interplead funds. Although the Court understands the frustration that many Claimants/Defendants have experienced related to the impoundment of funds and the slow moving nature of the legal process, the Court cannot sanction an early distribution of disputed funds absent full due process of law. The Court further notes that Magellan did not join in the request to distribute

1 | funds to the individual purchasers before the second stage of the litigation is completed.
2 | (Dkt.#290, p. 2).

**IT IS FURTHER ORDERED** directing the remaining Parties, to the extent practicable, to meet and confer and submit for Court approval a Joint Proposed Case Management Schedule addressing the second stage of the litigation and any pending cross-claims against Magellan. The Joint Proposed Case Management Schedule should set forth specific dates and deadlines for the Court to review. Only if the Parties cannot agree upon a joint proposal will separate filings be permitted. The Joint Proposed Case Management Schedule shall be filed on or before the close of business Monday, June 28, 2010.

**IT IS FURTHER ORDERED** setting this matter for a Case Management Status Hearing in the United States District Court for the District of Arizona before the Honorable Mary H. Murguia on July 14, 2010 at 2:00 p.m.

**IT IS FURTHER ORDERED** denying as moot the Claimants/Defendants Joint Request for a Rule 16 Scheduling Conference. (Dkt.#304).

DATED this 2nd day of June, 2010.

_____
Mary H. Murguia
United States District Judge