**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, National Association, | No. CV 09-587-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| The Magellan Owners Association, a.k.a., The Magellan Ship Owners Association, et al., | |
| Defendant. | |

Currently pending before the Court is Plaintiff Wells Fargo Bank N.A.'s ("Wells Fargo") Motion for Attorneys' Fees and Costs. (Doc. 307). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

On June 4, 2010, the Court entered an Order "discharging Wells Fargo from this action and ordering that all counter-claims that have been filed against it relating to the interplead funds [be] dismissed with prejudice." (Doc. 305, p. 3). In accordance with the Court's previous Orders, and having been dismissed from the case, Wells Fargo has moved for an award of attorneys' fees and costs. Wells Fargo has requested fees and costs totaling $256,790.91, which are to be paid from the disputed $11 million of interplead funds that are deposited with the Court. (Doc. 234).

"A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." Wright, Miller and Kane, 7 Fed. Prac. & Proc. Civ. 3d § 1719 (West 2009) (internal citations omitted). The decision of whether to award attorneys' fees in an interpleader action is left at the discretion of the district court. See Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962). Also, when attorneys' fees "are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." Trustees of Directors Guild of Am. Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426, as amended, 255 F.3d 661 (9th Cir. 2000).

Attorneys' fees are most often granted when the stakeholder "benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation," Cal. Pipe Recycling, Inc. v. Southwest Holdings, Inc., 2009 U.S. Dist. LEXIS 123863, *14 (E.D. Cal. Feb. 19, 2009) (quoting Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000)), or when the stakeholder "comes by the asset innocently and in no way provokes the dispute among the claimants." Id. (quoting In re Mandalay Shores Cooperative Housing Association, Inc., 21 F.3d 380, 383 (11th Cir. 1994)). At the same time, a fee award in favor of an insurance company or banking institution is disfavored if the interpleader claim arose out of that institution's normal course of business. Mandalay Shores, 21 F.3d at 383.

After carefully reviewing Wells Fargo's fee application, the Court has determined that principles of equity preclude it from awarding fees and costs to Wells Fargo. While it is uncontested that Wells Fargo is a disinterested stakeholder who claims no part of the more than $11 million it held pursuant to an escrow agreement that it entered into with Claimant/Defendant The Magellan Owners Association, a.k.a., The Magellan Ship Owners Association ("Magellan"), that fact alone does not provide Wells Fargo with the right to a fee award from the Court, much less one derived from the coffers of the disputed $11 million. After analyzing the circumstances of this case, including the array of dispute resolution tools

available to Wells Fargo short of commencing an interpleader, the Court finds that an award of fees would unreasonably diminish the interplead funds, which, as the Court understands, are already insufficient to completely satisfy all claims of the Unit Buyer Claimants/Defendants. In addition, a fee award would allow Wells Fargo to improperly shift the foreseeable costs of its business transaction with Magellan onto the various Claimants/Defendants. Mandalay Shores, 21 F.3d at 383 ("[W]hen a bank agrees to be the trustee of an estate, the bank knows there is a reasonable probability that various claimants will contest the ownership of a particular asset; since the bank may allocate the costs of that contingency among all its trust customers, there is no basis for awarding the bank fees out of the corpus of the estate."); In re Jones, 61 B.R. 48, 54, 1986 Bankr. LEXIS 6537, at *15 (Bankr. N.D. Tex. 1986) ("An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy. An interpleader action relieves the company of this risk by eliminating the potential harassment and expense of a multiplicity of claims and suits . . . It thus seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest."). In order to maintain basic fairness between the Parties, the Court cannot permit Wells Fargo to be rewarded for taking a course of action that was motivated by self-interest, particularly when such an award would come at the expense of the rightful owners of the disputed funds. As Claimants/Defendants note in their Response in opposition to Wells Fargo's fee request, the general rule applicable to civil litigation in federal court is that, in absence of a statute or enforceable contract providing for fees, each side pays its own way. See Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717-19 (1967). On the facts here, a straightforward application of this rule is required, rather than a departure.

///

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff Wells Fargo Bank N.A.'s Motion for Attorneys' Fees and Costs. (Doc. 307).

DATED this 23rd day of August, 2010.

_____
Mary H. Murguia
United States District Judge