**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Wells Fargo Bank, National Association,)

              Plaintiff,

vs.

The Magellan Owners Association, a.k.a.,)
The Magellan Ship Owners Association, et)
al.,

              Defendant.

No. CV-09-587-PHX-MHM

**ORDER**

Currently pending before the Court is a Joint Motion for the Disbursement of interplead funds submitted by fifty-six (56) Claimants/Defendants Unit Buyers. (Doc.332). After the Joint Motion was filed, three additional Unit Buyer Claimant/Defendants joined in the Motion each amending the list of claims to include their individual claims. (Docs. 335, 339, 342). On September 14, 2010, the Claimant/Defendants filed a joint notice that they had no objection to the joinder to the motion by the Claimants/Defendants. (Doc. 344) The sole remaining Claimant/Defendant who has appeared in this litigation but who has not joined in the Motion for Disbursement is the The Magellan Owners Association, a.k.a., The Magellan Ship Owners Association ("Magellan"). On July 21, 2010, the Court held a hearing on a Motion to Withdraw as Counsel of Record, (Doc. 308), filed by Magellan's Attorneys. ( Doc.

321).  Pursuant to the Court's June 29, 2010 Order, personally appearing at the July 21, 2010 hearing was Mr. Randall B. Jackson, who appeared as Magellan's "corporate representative or an otherwise appropriate agent." (See Doc. 312). At the July 21, 2010 hearing, the Court granted Magellan's Attorneys' Motion to Withdraw, (Doc. 321), and specifically warned Mr. Jackson that Magellan, as a business association, could not appear in a pro se capacity, and therefore could not take part in the litigation as the case moved forward should they fail to secure appropriate legal representation. The Court also warned Mr. Jackson that failure to secure counsel would mean that Magellan would not be able to present arguments to the Court regarding the disbursement of interplead funds. Moreover, the Court warned Mr. Jackson that without appropriate representation Magellan might also be subject to a default judgment, in the event that any Unit Buyer Claimant/Defendants assert crossclaims against Magellan. Magellan has currently failed to secure appropriate legal representation, and has failed to file a Response to the Unit Buyer's Joint Motion for Disbursement, which remains unopposed. After reviewing the pleadings relevant to the issue of disbursement and determining oral argument unnecessary, the Court issues the following Order.

## I.    PROCEDURAL HISTORY & FACTUAL BACKGROUND

This statutory interpleader action under 28 U.S.C. § 1335 was filed by the now dismissed Plaintiff Wells Fargo Bank, N.A.("Wells Fargo"). As previously indicated, "[i]nterpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible res or fund of money (the stakeholder) to join in a single suit two or more claimants' asserting mutually exclusive claims to that stake." Nevada v Pioneer Cos., 245 F Supp. 2d 1120, 1125 (D Nev. 2003) (quoting 4 James Wm. Moore, et al., Moore's Federal Practice § 22.02[1] (3d ed 2002)). An interpleader action avoids the problem of multiple, conflicting claims to a single fund by forcing all "claimants" to a limited amount of money to resolve their potentially adverse claims all at once, before the same judge. See, e.g., State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, (1967). An interpleader action usually involves two distinct stages.

See Mid-American Indem. Co. v. McMahan, 666 F. Supp. 926, 928 (S.D. Miss. 1987). During the first stage, the court determines whether the plaintiff/stakeholder has the right to compel the adverse claimants to interplead and litigate their claims to the fund in one proceeding. Id. At this point, the court determines whether the prerequisites to statutory interpleader have been met. If the court decides that interpleader is available, it may issue an order discharging the stakeholder and directing the claimants to interplead. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1704, at 624-627 (3d ed. 2001). The court may also make any other order that is appropriate and convenient for the resolution of the competing claims. Id. During the second stage, the court will adjudicate the defendants' adverse claims to the interplead funds. New York Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983). The second stage generally proceeds like any other civil action and it is ultimately resolved when the district court enters judgment in favor of a defendant who is lawfully entitled to the interplead funds. See Diamond Shamrock Oil & Gas Corp. v. Comm'r of Revenues, 422 F.2d 532, 534 (8th Cir. 1970).

The Court has already completed the first stage of the interpleader. The Court has accepted jurisdiction over Plaintiff Wells Fargo's Complaint and has declared interpleader an acceptable mechanism for resolving competing claims to the more than $11 million in disputed funds. After Wells Fargo deposited the disputed funds with the Court, which was accompanied by a statement of its accounting practices related to the disputed funds, the Court discharged Wells Fargo from the litigation as a disinterested stakeholder, and dismissed with prejudice all counterclaims that had been filed against it related to its handling of the disputed funds. After discharge, Wells Fargo moved the Court for an award of attorneys' fees, which the Court denied on August 23, 2010. (Doc. 336). On Jul 21, 2010, the Court set a schedule for the second stage of the interpleader, along with a time line for the Unit Buyers to assert crossclaims against Magellan. On August 16, 2010, the Unit Buyers filed a Joint Motion for Disbursement, which was eventually joined by all Claimant/Defendants who have appeared in this litigation, with the exception of Magellan.

Because Magellan has not responded in opposition or filed its own Motion for Disbursement, and because the time for filing such a document has lapsed, the Court is prepared to rule on the Unit Buyer's pending Motion.

The Unit Buyer Claimant/Defendants are individual purchasers of certain fractional ownership interests in a proposed luxury residential cruise ship. Claimant/Defendant Magellan was the promoter and developer of the ship. Magellan prepared, and each of the Unit Buyers signed, a form purchase and sale agreement conveying the individual fractional ownership interests. The Purchase Agreements varied only in two material respects: (1) the amount of the purchase price and advanced association fees paid by each Unit Buyer; and (2) the deadline for Magellan to meet its performance obligations in building the ship (either 2 or 3 years from the date of the agreement).

Under the Purchase Agreements, Unit Buyers were required to pay an agreed percentage of the "Purchase Price" and "Estimated First Year's Annual Cooperative Assessment"—known as the "Initial Deposit" amount. Magellan was required to deposit the Initial Deposit with the "Escrow Agent", Wells Fargo. The Purchase Agreements then allowed Wells Fargo to release 10% of the overall Purchase Price, the "Release Amount", to Magellan for Magellan to pay certain expenses. Wells Fargo retained the balance of the Initial Deposits in escrow. Generally, Purchase Agreements signed prior to the summer of 2007 contained performance deadlines of 3 years. Purchase Agreements signed during or after the summer of 2007 contained a 2 year performance deadline. In all cases, under plain language of the documents, Magellan's performance deadline has long since passed.

The Purchase Agreements required Magellan to meet three performance criteria by the performance deadline stated in the Purchase Agreements: (1) enter into a construction contract for the building of the ship; (2) deliver a financial guaranty for payment of the construction to the ship builder; and (3) post an irrevocable letter of credit with the ship builder. If Magellan failed to timely perform, the Unit Buyers could terminate their Purchase Agreements and were "entitled to the immediate return of the Initial Deposit (including the

Release Amount) and any other amounts paid by [Unit Buyers] to [Magellan]…"  The Unit Buyers contend that Magellan breached its performance obligations, and that the Unit Buyers have accordingly terminated their Purchase Contracts. Unit Buyers therefore argue that they are entitled to the immediate return of their Initial Deposit amounts, plus all interest accrued thereon.

By way of background, Wells Fargo and Magellan entered into an Escrow Agreement, whereby Wells Fargo acted as the Escrow Agent for the Initial Deposits paid by each Unit Buyer. The Escrow Agreement was incorporated into the Purchase Agreements by reference. Under the Escrow Agreement, Wells Fargo was required to keep an accounting of each of the Unit Buyer's Initial Deposits, the Release Amounts thereafter transferred to Magellan, and the interest earned on the remaining escrowed funds.  Unit Buyers therefore allege that Wells Fargo was further required to disburse the balance of each of the Unit Buyer's funds back to them if Magellan failed to meet its performance deadline.

Wells Fargo deposited the escrowed funds with the Court on January 8, 2010.  By Order of the Court, Wells Fargo filed its accounting of the escrow funds under seal. After numerous objections were filed by a number of the Unit Buyers, Wells Fargo filed an amended accounting under seal on February 24, 2010. The amended accounting identified each of the Unit Buyer's: (1) individual payment of the Initial Deposit amount (separately accounting for the purchase price and association dues deposits); (2) payment of the Release Amount to Magellan; and (3) individual interest earned on the balance of the Initial Deposits from the payment date until the date of deposit with the Court. (See Doc. 279). After Wells Fargo filed the amended accounting, the Court ordered that Magellan and the Unit Buyers file any further objections concerning the deposit and amended accounting by April 30, 2010. With an accurate amended accounting, the objecting Unit Buyers withdrew their previous objections, and thereby eliminated all objections to depositing the interplead funds. Thereafter the Court entered an Order accepting the deposit and accounting.

/ / /

## II.     ANALYSIS

The Unit Buyers' individual claims to the interpleaded funds are set forth in Exhibit 3 to their Joint Motion for Disbursement (and in the amended exhibits submitted with the subsequent joinders to the Motion).  The Accounting sets forth both the "Claimants Total Claim Amount" and their individual pro-rata "Percentage of Claim" to the interpleaded funds. Unit Buyers affirm that the amount and percentages stated in the Accounting are true and accurate with respect to each of their claims. As such, Unit Buyers have requested that the Court enter an Order directing the Clerk of the Court to disburse the amount of funds corresponding with the Percentage of Claim (so to include interest earned while on deposit with the Court) to each and every Unit Buyer in accordance with the payee schedule provided in the Accounting.  The Court has reviewed the Unit Buyers' Accounting, and agrees that disbursement according to this proposed payment schedule is the most equitable and practical manner of resolving this dispute, and that disbursement in the manner provided by the Joint Motion will result in the disputed funds being returned to the rightful owners, who are the Unit Buyer Claimant/Defendants.

The only issue that remains is the status of the non-appearing Unit Buyers. Nine (9) named Unit-Buyer Defendants, the remaining potential stakeholders, have failed to appear in this matter. (See Doc. 332, Exhib. 5 though two of the listed Unit Buyers have since appeared and joined the motion).  Each of the non-appearing Unit-Buyers has apparently either been served or waived service in this matter.  In general, where a stakeholder is served with process but then fails to appear and make claim to interpleaded funds, the stakeholder waives his rights to the funds making them available for equitable redistribution to the other stakeholders. Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n. 4 (4th Cir. 1984)("[I]f all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund"); New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 95 & n. 6 (2d Cir. 1983)(default of interpleader defendants expedited conclusion of interpleader action by obviating need for judicial determination of answering defendant's

entitlement to stake); <u>Sun Life Assur. Co. of Canada, (U.S.) v. Conroy</u>, 431 F. Supp. 2d 220, 226 (D.R.I. 2006)("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted defendants have a right to seek the default of another defendant for failure to appear and plead.").

Although the non-appearing Unit-Buyers are in default, the Joint Unit Buyers have requested that the Court establish an additional process for which the non-appearing Unit-Buyers are given further notice of their obligation to appear and make a claim to the interpleaded funds. Such a process will provide the non-appearing Unit-Buyers with a second round of notice of their rights and obligations in this matter and will adequately inform them of the consequences of failing to appear and make claim to the interpleaded funds. Should any non-appearing Unit-Buyer fail to timely appear and make claim to the interpleaded funds through this additional court process, the Joint Moving Unit Buyers request that the Court Order any residual funds be distributed on an adjusted pro-rata basis (after eliminating the allocable percentage attributable to the defaulting non-appearing Unit-Buyer) to the Unit-Buyers who have appeared. The Unit Buyers ask that they be permitted to submit a second joint request for distribution of the forfeited funds and an amended distribution schedule to the Court in a manner similar in form and nature to Exhibit 3.

The Unit Buyers jointly request that the Court adopt the following schedule for handling the claims of the non-appearing Unit Buyers:

- The non-appearing Unit-Buyers must, no later than November 15, 2010: (1) enter an appearance in this case; (2) file a claim for Disbursement of Funds requesting the Court to disburse the interpleaded funds allocable to them; and (3) submit sworn or verified proof of an entitlement to receive a return of the monies deposited with Wells Fargo.

- Any non-appearing Unit-Buyer who fails to timely enter an appearance and make a claim for disbursement shall be in default for having failed to plead or

otherwise defend pursuant to Rule 55 of the Federal Rules of Civil Procedure, and thereby waive their right to receive any portion of the interpleaded funds.

- The law firm of Alvarez & Gilbert, PLLC (who represents a number of Unit Buyers already) shall be directed to mail, electronically or by postal channels, the instant Court Order, together with the Notice of Claim Bar, which has been attached as Exhibit 4 to the Joint Motion for Distribution. These notices will be sent to the non-appearing Unit-Buyers within one (1) day of the entry of the Court's Order at the contact address(es) provided in the non-appearing Unit-Buyer's respective Waivers or Affidavits of Service, which are set forth in Exhibit 5.

With several minor revisions, the Court will accept the Joint Unit Buyers' proposed process and schedule for the handling of the claims of the non-appearing Parties. The Court notes that the proposed process and schedule sets forth a fair process for the non-appearing Unit Buyers to be provided with additional notice before their claims to the interplead funds are to be extinguished.

**Accordingly**

**IT IS HEREBY ORDERED** granting the unopposed Joint Motion for the Disbursement of Interplead Funds. (Doc. 332).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to disburse the interpleaded funds held in the Court's Registry to the Unit-Buyer Defendants listed on Exhibit A attached hereto as follows:

The Clerk shall first determine the amount allocable to each Unit Buyer by multiplying (i) the total amount of funds held in the Court Registry, including any accrued interest, by (ii) the percentage allocable to each Unit-Buyer as shown in the column entitled "Percentage of Funds" on Exhibit A. The Clerk shall then prepare checks in the amount allocable to each Unit-Buyer by making the check payable to the specified Payee shown on the Column entitled "Payee" and shall mail same to

each such Payee at the address shown in the Column entitled "Address" on Exhibit A. The Clerk is ordered to make this disbursement of funds as soon as possible.

**IT IS FURTHER ORDERED** directing the Clerk of the Court, in addition to the regular mailings, within one (1) day of the entry of the instant Order, specifically mail to the following non-appearing Unit Buyers a copy of the instant Court Order, together with the Notice of Claim Bar Date and Order, which has been simultaneously lodged on the Court's docket, to the following individuals at their last known mailing addresses, which are set forth in Exhibit 5 to docket number 332:[1]

- Daniel & Victoria Allen, 176 Jeffer Court, Wyckoff, NJ 07481
- Julian & Phoebe Chen, 365 S. Atlantic Blvd #D, Monterey Park, CA 91754
- Lena Humber Trust, 10 Moncada Way, San Rafael, CA 94901
- Robert Johnston, 313 La Peninsula Blvd, Naples, FL 34113
- Patricia & Fredric Schoen,116 Huntersfield Rd, Delmar, NY 12054
- Robert & Maureena Schreurs, 6097 Blackburn Rd, Chilliwack, British Columbia, Canada
- Esther Shelden, 5625 Crescent Park W. #409, Playa Vista, CA 90094
- Mark Shumate, 221 l6th St. #2, Atlanta, GA 30363

**IT IS FURTHER ORDERED** directing the law firm Alvarez & Gilbert, PLLC to electronically mail a copy of the instant Court Order, together with the Notice of Claim Bar Order, at the electronic contact address(es) provided in the non-appearing Unit-Buyer's respective Waivers or Affidavits of Service, which are set forth in Exhibit 5 to docket number 332. The electronic mail must accomplished in both PDF and Microsoft Word form and must be sent within one (1) day of the entry of the instant Order

---

[1]According to Exhibit 5 of the Joint Motion for Disbursement, there is no mailing address available for Unit Buyer Lori Patrizia Weltert, only a electronic mailing address. (See Doc. 332, Exhib. 5).

**IT IS FURTHER ORDERED** that if any Unit Buyers who have been served or accepted service in this matter but have failed to submit a claim for disbursement of the interpleaded funds by **November 15, 2010** the residual funds held by the Clerk after the disbursements above ordered are made, shall be distributed to the Unit Buyers who have appeared and filed a claim for disbursement of funds on an adjusted pro rata basis (after eliminating the allocable percentage attributable to any defaulting Unit Buyers) following the entry of this Order.

**IT IS FURTHER ORDERED** that to facilitate this secondary disbursement process, the Unit-Buyer Defendants are directed to submit a second joint request for distribution of forfeited funds with an amended distribution schedule to the Court similar in form and nature to Exhibit 3 in their Motion identifying each moving Unit-Buyer, the percentage of the total funds to be distributed to each moving Unit-Buyer, the designated Payee and address to which each disbursement is to be sent.

**IT IS FURTHER ORDERED** that this secondary disbursement schedule shall be filed on or before November 30, 2010.

DATED this 20th day of September, 2010.

_____

Mary H. Murguia
United States District Judge

- 10 -

1
2
3
4

# EXHIBIT A:

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| CLAIMANT | APPEARANCE DKT. # | PAYEE | ADDRESS | TOTAL CLAIM AMOUNT | PERCENTAGE OF FUND |
|---|---|---|---|---|---|
| Acanitt Ltd (Freiha) | 102 | Snell & Wilmer LLP Trust Account | 1 Arizona Ctr, 400 E Van Buren, Phoenix, AZ 85004-2202 | $1,249,883.35 | 11.3139% |
| Amaral, Walt & Janet | 99 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $253,788.53 | 2.2973% |
| Andree, Frank & Lapalme, C | 338 | Gallagher & Kennedy, P.A. Trust Account | Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 | $73,705.61 | 0.6672% |
| Arnold, Thomas | 137 | Thomas R. Arnold | 464 Prospect Street La Jolla, CA. 92037 | $254,216.53 | 2.3012% |
| Baker, David Living Trust | 230 | David G. Baker, Trustee | 239 Brannan Street, Unit 3A, San Francisco CA 94107-4071 | $158,145.67 | 1.4315% |

| BAL Investment Group | 57 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $28,372.16 | 0.2568% |
| Benedetto, Joseph (ALCAN) | 210 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $351,503.66 | 3.1818% |
| Boese, Joerg | 341 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $161,824.93 | 1.4648% |
| Brown, Carol & Walker, Danna | 135 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $25,572.90 | 0.2315% |
| Cinca, Daniel Dragos | 151 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $129,466.27 | 1.1719% |

| Cooper, Marc & Ruth | 75 | Marc and Ruth Cooper | 625 East Dilido Drive, Miami Beach, FL 33139 | $42,718.00 | 0.3867% |
|---|---|---|---|---|---|
| Coviello Family Living Trust | 179 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $260,296.24 | 2.3562% |
| Cramer, Lorraine, Trustee | 167 | Gallagher & Kennedy, P.A. Trust Account | Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 | $358,231.45 | 3.2427% |
| Fahmy, Diaa & Odette | 265 | Gallagher & Kennedy, P.A. Trust Account | Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 | $30,310.76 | 0.2744% |
| Farid, Amany & Dr. Rafla, Atef | 266 | Gallagher & Kennedy, P.A. Trust Account | Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 | $69,799.93 | 0.6318% |

| | | | | | |
|---|---|---|---|---|---|
| Feldman, Benjamin | 212 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $81,225.71 | 0.7353% |
| Fulco, Frank & Kathleen | 112 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $91,359.15 | 0.8270% |
| Gopin, Michael | 163 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $52,129.01 | 0.4719% |
| Grainger, Michael & Donna | 182 | Cohen Kennedy Dowd & Quigley Trust Account | 2425 E. Camelback Rd., Suite 1100  Phoenix, AZ 85016 | $53,123.75 | 0.4809% |
| Haglund, James & Patty | 89 | Osborn Maledon, P.A. Trust Account | 2929 N. Central Avenue, Suite 2100 Phoenix, Arizona 85012 | $109,047.95 | 0.9871% |

| | | | | | |
|---|---|---|---|---|---|
| Harborage (Ed Teraskiewicz) | 90 | Harborage Leasing Corp. | c/o Morella & Associates, 706 Rochester Road, Pittsburgh, PA 15237 | $74,323.08 | 0.6728% |
| Iacino, Edward & Roberta | 178 | Edward & Roberta Iacino | c/o Preeo Silverman Green & Egle PC, 1401 17th St, Ste 800, Denver, CO 80202 | $47,782.51 | 0.4325% |
| Jaynes, Cecil Family Trust | 328 | Harper Law PLC Trust Account | Harper Law PLC, 1 N. Central Ave., Suite 1130, Phoenix, Arizona 85004 | $103,857.96 | 0.9401% |
| Karu, Stuart | 210 | Cohen Kennedy Dowd & Quigley Trust Account | 2425 E. Camelback Rd., Suite 1100  Phoenix, AZ 85016 | $203,311.96 | 1.8404% |
| Kelly, Anthony & Louise | 186 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $263,629.30 | 2.3864% |
| Kornievsky, George & Carol | 157 | George M. Kornievsky and Carol A. Kornievsky, Trustees | 6 Longshore, Irvine, CA 92614 | $269,542.98 | 2.4399% |

| | | | | | |
|---|---|---|---|---|---|
| Levey, Mark | 297 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $52,067.47 | 0.4713% |
| Lubell, Paul | 80 | Paul Lubell | c/o Florence M. Bruemmer, 42104 N. Venture Court, Ste. A122, Anthem, AZ 85086 | $143,768.62 | 1.3014% |
| Mason, Donald & Tomie | 207 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $172,289.33 | 1.5596% |
| McMahan, John | 211 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $199,389.15 | 1.8049% |
| Menard, Linda | 138 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $234,393.12 | 2.1217% |

| | | | | | |
|---|---|---|---|---|---|
| Miller, Charles & Rita | 81 | Charles E. Miller, Sr. and Rita S.Miller Revocable Trust | 6820 Manasota Key Road, Englewood Florida 34223 | $256,624.22 | 2.3230% |
| Miller, David | 185 | Cohen Kennedy Dowd & Quigley Trust Account | 2425 E. Camelback Rd., Suite 1100  Phoenix, AZ 85016 | $953,145.77 | 8.6279% |
| O'Hara, Gary & Janice | 73 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $37,358.59 | 0.3382% |
| Ouano, Ruperto | 228 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $25,698.81 | 0.2326% |
| Polik, Dean & Gwenn | 196 | Garvey Schubert Barer Trust Account | Garvey Schubert Barer Attn:  David R. West 1191 Second Ave., 18th Floor, Seattle, WA 98101 | $38,925.60 | 0.3524% |

| | | | | | |
|---|---|---|---|---|---|
| Polskin, Howard & Philippa | 84 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $162,633.47 | 1.4722% |
| Prata Investments | 65 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $144,606.20 | 1.3090% |
| Radeka, Richard & Sharon | 76 | Richard Radeka and Sharon Radeka | Richard and Sharon Radeka c/o H. David Hanes, 508 W. Vandament, Suite 300, Yukon, OK  73099 | $41,085.01 | 0.3719% |
| Riker, Donald & Leigh | 277 | Sacks Tierney P.A. Trust Account | Sacks Tierney P.A.  4250 North Drinkwater Blvd., 4th Floor, Scottsdale, AZ 85251 | $32,799.93 | 0.2969% |
| Riley, Richard A & Carol | 88 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $195,433.05 | 1.7691% |

| | | | | | |
|---|---|---|---|---|---|
| Root, Tracy | 329 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $158,275.04 | 1.4327% |
| Ross, Robert & Winnie | 191 | John Kao Law Office Clients' Funds Account | John Kao Law Office The Mills Tower, 220 Montgomery Street, Suite 1611, San Francisco, California 94104 | $81,522.58 | 0.7379% |
| Roudels, Jon | 24 | Jonathan Roudels | 3945 NW 39 Ct, Gainesville Fl 32606 | $27,693.79 | 0.2507% |
| Sangiacomo, Maria F | 186 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $58,928.83 | 0.5334% |
| SATA Holdings | 58 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $28,424.86 | 0.2573% |

| | | | | | |
|---|---|---|---|---|---|
| Shafron, Martin & Margaret | 119 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $313,251.21 | 2.8355% |
| Shia, Daniel & Jonathan, H Yuan | 141 | Harper Law PLC Trust Account | Harper Law PLC, 1 N. Central Ave., Suite 1130, Phoenix, Arizona 85004 | $71,780.14 | 0.6498% |
| Sitgraves, Darcy & Brazier, J | 167 | Gallagher & Kennedy, P.A. Trust Account | Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 | $81,451.18 | 0.7373% |
| Spevakow, Robert & Darlene | 144 | Ridenour Hienton & Lewis PLLC Trust Account | Ridenour Hienton & Lewis, PLLC 201 N. Central, Suite 3300, Phoenix, AZ 85004 | $159,372.80 | 1.4426% |
| Stiff, Robert & Susan | 79 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $44,251.03 | 0.4006% |

| | | | | | |
|---|---|---|---|---|---|
| Thomas, William | 85 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $28,288.11 | 0.2561% |
| Trotter, John | 267 | Gallagher & Kennedy, P.A. Trust Account | Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 | $23,627.69 | 0.2139% |
| Vitacura, Inc (Jorge Inclan) | 111 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $288,204.96 | 2.6088% |
| Wassef, Ezzat Dr. | 264 | Gallagher & Kennedy, P.A. Trust Account | Gallagher & Kennedy, P.A., 2575 East Camelback Road, Phoenix, AZ 85016 | $71,042.91 | 0.6431% |
| Weis, Timothy & Tracy, Trustees | 189 | Polsinelli Shughart Client Trust Account | Polsinelli Shughart PC, 3636 N. Central Avenue, Suite 1200, Phoenix AZ 85012 | $777,916.67 | 7.0417% |

| Wolfe, Mitchel & Sharyne | 110 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $194,528.43 | 1.7609% |
|---|---|---|---|---|---|
| Wong, Steve & Cheung, Rose | 220 | Burch & Cracchiolo, PA Trust Account | Burch & Cracchiolo, PA, 702 E. Osborn Rd., Suite 200, Phoenix, AZ 85014 | $43,528.18 | 0.3940% |
| Wright, Irvin | 280 | Alvarez & Gilbert, PLLC Trust Account | Alvarez & Gilbert, PLLC 14500 N. Northsight Blvd. Scottsdale, AZ 85260 | $155,007.76 | 1.4031% |